FILED
OCT - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATE DISTRICT COURT
DISTRICT OF COLUMBIA

---

DENNIS J. SOLOMON,
      Plaintiff

v.                                            Civil Action No.

UNIVERSITY OF SOUTHERN CALIFORNIA
MICHAEL MACEDONIA
SCOTT EDELMAN
EVANS & SUTHERLAND
MR. QUINN,                                   Case: 1:07-cv-01811
MR. HAIRSTON,                      Assigned To : Sullivan, Emmet G.
MR. HOLTZMAN                   Assign. Date : 10/5/2007
TRADEMARK TRIAL AND APPEAL BOARD   Description: Pro Se General Civil
JON DUDAS
UNITED STATES TRADEMARK OFFICE

      DEFENDANTS.

---

# COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff Dennis J. Solomon hereby demands a jury trial and avers as follows:

## SUMMARY OF THIS ACTION

    The plaintiff, Dennis J. Solomon, filed an application for registration of the trademark 'HoloDeck' on August 23, 1993, which was granted on May 30, 2000. USC opposed the registration on the grounds the term 'holodeck' was generic and was being used to describe a $200 million US Army-USC simulation project which began in 1999, under the direction of U.S. Army officer Macedonia. Following depositions, a majority of the participating USC scientists testified that they had no knowledge of the term 'holodeck' prior to employment by USC. USC also testified that Macedonia demanded that USC file the opposition.

    The United States Air Force had been funding a competitive project with Solomon since 1993.

    USC subsequently amended the opposition to claim that there was no 'use in commerce'. Solomon provided sales materials, published advertisements and conference

1

publications. USC demanded detailed customer lists, engineering plans and manuals. Solomon objected on the grounds that USC counsel, Scott Edelman, was a direct competitor. USC filed a motion for a default judgment as a discovery sanction. The TTAB granted the default judgment without trial on the discovery evidence provided.

The USC opposition was part of an unlawful scheme to monopolize funding and commercialization of advanced C4I and Simulation technologies.

## PARTIES

### Plaintiff

1. Dennis J. Solomon is a Massachusetts resident and the applicant for the trademark HoloDeck.

### Defendants

2. University of Southern California, hereinafter referred to as 'USC', is a non-profit educational institution with a permanent facility at 701 Pennsylvania Avenue, Washington, D.C. 2004
3. Scott Edelman is believed to be an attorney with Gibson, Dunn & Crutcher in California.
4. Evans and Sutherland is believed to be a Utah corporation
5. Michael Macedonia is believed to be a resident of the District of Columbia and a contracting officer for the U.S. Army.
6. Mr. Quinn is believed to be an administrative trademark judge on the TTAB.
7. Mr. Hairston is believed to be an administrative trademark judge on the TTAB.
8. Mr. Holtzman is believed to be an administrative trademark judge on the TTAB.
9. Mr. Dudas is believed to the Director of the USPTO.
10. The Trademark Trial and Appeal Board 'TTAB' is a division of United States Patent and Trademark Office of the Department of Commerce of the United States.

### Jurisdiction

11. This Court has subject matter jurisdiction under 15 USC 1071, 28 USC 1331, and 28 USC 1332.

## Venue

12. This District is the appropriate venue. The Opposer USC maintains a facility and conducts regular business activities within the District. Most of the other parties are employees of the Department of Commerce, headquartered within the District.

## STATEMENT OF FACTS

13. Plaintiff Dennis J. Solomon was educated at MIT, and has been actively involved in the science of lasers and holography since the 1970s. In 1973, he purchased a 43' ketch which he named Starship, and formed an enterprise by that name. His associates coined the term 'virtual reality' and fanciful names with the prefix 'holo' at the time.

14. From 1978 to 1984, Solomon was actively engaged in imaging and holography imaging at MIT including activities with MIT's famous holographers, Stephen Benton and Harriet Casdin-Silver.

15. In 1985, Solomon filed his first independent three-dimensional United States patent application. Shortly thereafter, in conjunction with projects known to Bran Ferren at Disney, he began using the fanciful term 'holodeck display'. On or about 1989 Solomon began the commercial development of a three dimensional display.

16. On August 23, 1993, Solomon formally applied for the stylized 'HoloDeck' trademark in Class 009 to identify the source of his three dimensional displays. Solomon did not search other classes, and was unaware of any other filings.

17. On 1995, Solomon displayed the trademark Holodeck in his booth at the SIGGRAPH computer show. Attorneys for Paramount Pictures, believed to be Scott Edelman, sent Solomon a cease and desist letter. Solomon responded and Paramount took no further action. Shortly thereafter, the Paramount application expired and was not renewed.

18. On December 13, 1996, Evans and Sutherland filed an application for the trademark 'HOLODECK' in class 9 for virtual reality rooms.

19. On May 30, 2000, the Trademark Office granted Solomon registration of the HoloDeck trademark for class 9.

20. On or about June 30, 2000, USC, through attorney Edelman at Gibson, Dunn and Crutcher, filed a motion for extension of time to opposition claiming the term was generic.

21. Discussions between Solomon and USC ensued, and USC offered to withdraw the opposition, if USC could use the term for its US Department of Defense project and obscured in the contract language - claim and apply for a secondary meaning.

22. Solomon stated that he would agree to license the trademark to USC for a nominal fee for limited use on the U.S. Army project but would not agree to the secondary meaning clause.

23. USC formally filed the opposition.

24. On or about 1999, USC had received $250 million dollars from the U.S. Army to build a holographic, virtual reality space which they were calling the holodeck.

25. USC took extensive depositions in person and thorough discovery. Solomon conducted a few hours telephonically, during which a majority of USC personnel testified that they had no knowledge of the term 'holodeck' until arriving at USC.

26. USC then amended the opposition to include 'failure to use in commerce'.

27. Solomon responded by producing photographs, sales flyers and advertisements including publication in the SIGGRAPH Journals, original copies of which are available in the USC library.

28. USC requested customer lists, detailed plans, and manuals. Solomon requested a protective order and agreed to produce the same to an independent outside attorney.

29. Edelman filed a motion to compel the production to himself. Solomon opposed the motion on the grounds that Edelman was not an independent, outside attorney, and documented the fact that Edelman and his firm had close ties to Solomon's

direct competitors, including Teledyne, and was the regular USC attorney for trademarks. Nonetheless, the motion was granted.

30. During discussions to find a compromise on the subject and without prior notice to Solomon, Edelman filed a motion for a default judgment was the TTAB. Solomon opposed the motion on the previous grounds, and further, that the appropriate sanction was exclusion at trial. The motion for default was granted, and reconsideration denied.

**In the following Counts the aforementioned facts are incorporated:**

**Count I. Error, Violation of Civil Rights, Due Process**

31. Exclusion of evidence is the appropriate sanction for limited discovery non-production.
32. The TTAB erred in granting a default judgment without trial, and violated the Constitutional, due process and civil rights of the Plaintiff.

**Count II. Lacking to Standing**

33. USC would suffer no damages from the grant of the trademark to Solomon.
34. USC lacks standing to bring an opposition.

**Count III. Attempt to Monopolize, Interference with Interstate Commerce**

35. Edelman, Macedonia and Evan & Sutherland engaged in an unlawful conspiracy to personal enrichment themselves through a series of unlawful schemes to obtain the trademark HoloDeck.
36. Macedonia unlawfully required USC to file the opposition in order to continue to receive U.S. Army funding.
37. Edelman knowingly participated in said scheme to generate fees for his firm.
38. Edelman knowingly engaged in a criminal scheme to obtain trade secrets which he planned to convey to USC
39. Evans & Sutherland, a defense contractor, agreed to license the trademark HoloDeck to Macedonia in return for continued government funding.

**Count IV Fraud**

40. In the seven years since the filing of this opposition, USC has been unable to build a three dimensional, virtual reality space.

41. USC, Edelman and Macedonia conspired to defraud the U.S. Government by submitting proposals based on unlawful obtained designs of Solomon.

**Count V. Interference with Business Relations, Unfair Competition**

42. Macedonia, as an agent of the U.S. Army, unlawfully attempted to use the opposition proceeding to obtain detailed knowledge of Solomon's classified U.S. Air Force projects, in order to obtain further funding.

43. Macedonia conspired with UCS and Edelman to further damage Solomon and unjustly enrich themselves.

**All Counts: Damages**

44. Said aforementioned actions caused substantial harm and damage to the soldiers of the U.S. Army placing them in harm's way without adequate training and with inferior equipment.

45. Said aforementioned actions caused substantial monetary damage to Solomon.

Wherefore, the Plaintiff, Dennis J. Solomon respectfully requests that this Court:

1. vacate the TTAB judgment of default,
2. find USC without standing to oppose,
3. allow the grant of the registration trademark HoloDeck to Solomon to stand,
4. and award damages and costs as the Court deems appropriate.

Respectfully submitted on October 4, 2007.

Dennis J. Solomon, pro se.
PO BOX 289
Yarmouth Port, MA 02675
(508) 394-9221

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Dennis J Solomon

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Barnstable
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

PO Box 289
Yarmouth Port, MA 02675
508 394 9221

## DEFENDANTS

University of Southern California
Scott Edelman
Michael Macedonia, et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01811
Assigned To : Sullivan, Emmet G.
Assign. Date : 10/5/2007
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ◉ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ◉ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Civil Action for a Trademark - Title 15 Section 1071 - Solomon was granted the HoloDeck. Defendant Macedonia unlawfully induced USC to oppose.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 2,500,000   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY** N.F.   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 10/4/07   SIGNATURE OF ATTORNEY OF RECORD  [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.