UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS J. SOLOMON, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1811-EGS |
| ) | |
| UNIVERSITY OF SOUTHERN ) | |
| CALIFORNIA, et. al., ) | |
| ) | |
|        Defendants. ) | |
| ) | |

**DEFENDANT EVANS & SUTHERLAND COMPUTER
CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)**

Defendant Evans & Sutherland Computer Corporation ("E&S"), by counsel, hereby replies to Plaintiff's Amended Memorandum In Opposition To Defendants' Motion To Dismiss ("Amended Opposition").[1]

**I.    ARGUMENT**

    **A. Plaintiff Failed To Respond Substantively To E&S's Motion To Dismiss,
        And Thus Concedes That The Complaint Is Inadequate**

Defendant E&S moved to dismiss Plaintiff Dennis J. Solomon's ("Plaintiff" or "Solomon") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that it was too

---

[1] Solomon's Amended Opposition was first received by counsel for E&S on March 4, 2008, and hence this reply brief is timely under the Court's Local Rules. In this connection, E&S would point out that Solomon has twice included false Certificates of Service on the papers he has filed with the Court in this case. The facts are these. On February 27, 2008, Defendant E&S received a notice through the Court's electronic filing system that Solomon had filed a pleading entitled "Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss." The Memorandum contained a "Certificate of Service" certifying that Solomon had faxed the document to counsel for E&S on February 21, 2008, but this certification was false. E&S received the document through the ECF system on February 27, 2008, and never received it directly from Solomon. On March 4, 2008, prior to the due date for filing a reply to Solomon's Memorandum In Opposition, Defendant E&S received notice through the ECF system that Solomon had filed an amendment to the Memorandum In Opposition. The Amended Opposition falsely certifies that Defendant E&S was served by fax on February 29, 2008. Defendant E&S first learned of and received the Amended Opposition on March 4, 2008 through the ECF system and therefore this reply is timely.

vague and conclusory, it failed to allege specific facts regarding E&S's alleged wrongdoing, and E&S was thereby prevented from framing a defense. See Shirk v. Garrow, 505 F. Supp. 2d 169, 172 (D.C. 2007) (vague and conclusory allegations are inadequate to meet plaintiff's pleading obligations under Rule 8); see also Kowal v. MCI Commc'ns Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (court need not accept conclusory allegations that are unsupported by specific facts set forth in the complaint).  The thrust of E&S's Motion is that Solomon failed to meet his obligations under Fed. R. Civ. P. 8(a) to provide fair notice as to the nature of his claims. See Shirk, 505 F. Supp. 2d at 173 (assertion of mere legal conclusions is inadequate to satisfy Rule 8); see also Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994) (opposing party must be able "to understand whether a valid claim is alleged and if so what it is").  It is well settled that even a pro se plaintiff must comply with the fundamental requirement of Rule 8(a) to provide the defendant "fair notice of the plaintiff's claim and the grounds upon which it rests." Ali v. District of Columbia, 349 U.S. App. D.C. 327, 278 F.3d 1, 8 (D.C. Cir. 2002) (citing Sinclair v. Kleindienst, 229 U.S. App. D.C. 13, 711 F.2d 291, 293 (D.C. Cir. 1983).

Despite the clear state of the law, Solomon's Amended Opposition does not respond to E&S's contention that Solomon's pleading is too conclusory and does not meet Solomon's pleading burden under Rule 8.  It is well settled that when a party does not substantively respond to an argument in a motion directed against that party, the courts will treat the argument as conceded. Slovinec v. Am. Univ., 520 F. Supp. 2d 107, 2007 U.S. Dist. LEXIS 75933 (D.D.C. 2007) (Court treated an argument in a motion as "conceded" when non-moving party failed in its opposition brief to oppose the argument);

2

Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (failure to address movant's argument in opposition brief treated as concession of the argument). For this reason alone, E&S's Motion should be granted and the Complaint should be dismissed.

With regard to E&S, the Complaint alleges only that E&S engaged in an "unlawful conspiracy" regarding unspecified "unlawful schemes to obtain the trademark HoloDeck." (Compl. ¶ 35.) This assertion could not be more conclusory, and E&S cannot ascertain from it what precisely E&S is alleged to have done. The Complaint also alleges that E&S "agreed to license the trademark HoloDeck to Macedonia in return for continued government funding." (Compl. ¶ 39.) E&S challenged these allegations in its motion to dismiss as not providing adequate notice in accordance with Rule 8(a) regarding Plaintiff's specific cause(s) of action.

By failing to respond substantively to E&S's argument, Solomon concedes that the Complaint is inadequate. He does argue that his Complaint "alleges sufficient facts, which, if proven, would entitle him to a claim for (sic) relief," citing Scheuer v. Rhodes, 416 U.S. 232 (1974). Amended Opposition at 1. This argument, however, misses the mark. E&S's Motion argues that the Complaint does not explain with adequate specificity what cause(s) of action Solomon is attempting to assert, and this is prejudicial to E&S. Scheuer stands for a different proposition, unrelated to the clarity or vagueness of the allegations, holding that a court may dismiss a complaint if it is plain from the outset that the plaintiff will never be entitled to relief from the court. Scheuer, and by extension Solomon's argument, are inapplicable to the thrust of E&S's Motion.

The issue in Scheuer was whether a series of related actions against state officials in connection with the Kent State shootings in 1970 were necessarily barred by the

3

Eleventh Amendment.  416 U.S. at 235-236.  The district court had dismissed the complaints before answers were filed on the basis that the Eleventh Amendment barred any action against the defendant state officials because they were acting in their official capacities.  Id.  On appeal, the Supreme Court noted preliminarily that in evaluating the legal viability of the complaints, the Court should construe the complaints favorably to the pleader, and dismiss them only if the plaintiffs could prove no set of facts in support of the claims which would entitle them to relief.  Id.  Importantly, there was no challenge in Scheuer that the defendants could not understand what the claims were, or that the claims were too vague and conclusory to serve the notice function required by Rule 8.  That, however, is the issue posed by E&S's Motion, and that is an issue Solomon has failed to dispute or address.  Accordingly, E&S's arguments should be accepted as conceded, and the Complaint dismissed as inadequate under Rule 8.  Slovinec, 520 F. Supp. 2d at 111 (Court treated an argument in a motion as "conceded" when non-moving party failed in its opposition brief to oppose the argument).

In addition, Solomon's Amended Opposition does not offer any additional facts, explanation or context that would make its allegations against E&S more illuminating.  Instead, the Amended Opposition offers only the same nonspecific, bare allegation of "conspiracy" against E&S that is in the Complaint, although it is restated slightly in the Amended Opposition.[2]  The mere assertion that E&S engaged in a "conspiracy" without

---

[2]   The Amended Opposition states that E&S "conspired with USC to benefit financially."  Solomon Amended Opposition at 4.

4

articulating that the object of the conspiracy was a specific tort or other specific unlawful action, does not state a viable cause of action.[3]

The only new contention regarding E&S in the Amended Opposition is the comment that E&S was "the obvious beneficiary of the amended opposition" filed by the University of Southern California (USC) at the Trademark Trial and Appeal Board (TTAB) in response to Solomon's application for registration of the trademark "Holodeck." Amended Opposition at 4. To the extent Solomon offers this to amplify the allegations in the Complaint, the effort fails. The remark is not accompanied by any explanation, and on its face is simply implausible.[4] Solomon does not explain why USC would undertake any action to benefit E&S, much less illegal action, or why E&S should be "obviously" considered a beneficiary of USC's alleged illegal acts (which are not specified). Solomon does not allege that there is any contractual, financial or other

---

[3] Solomon's bare allegation that E&S engaged in a "conspiracy" does not state an actionable claim. In the District of Columbia, a plaintiff must prove four necessary elements to make a claim for civil conspiracy, as follows:

> (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme.

Richards v. Duke Univ., 480 F. Supp. 2d 222, 2007 U.S. Dist. LEXIS 22864 (quoting Halberstam v. Welch, 227 U.S. App. D.C. 167, 705 F.2d 472, 477 (D.C. Cir. 1983.)) There is no recognized independent tort action for civil conspiracy in the District of Columbia. Halberstam, 705 F.2d at 477. Rather, a claim for civil conspiracy must be based on an underlying tortious act. Since the Complaint does not allege with any specificity that there was an underlying tort that was the subject of the alleged conspiracy, it fails to state a claim upon which relief can be granted, and should be dismissed as to E&S under Rule 12(b)(6). Richards, 480 F. Supp. 2d. at 241 (complaint alleging conspiracy without specifying the underlying tort was dismissed under Rule 12(b)(6)).

[4] The Court should note in this connection that E&S was not a participant in the proceeding before the TTAB, and is thus unfamiliar with the dealings, if any, between Solomon and USC. Solomon apparently intends the current action as a "civil action" in response to the final decision of the TTAB pursuant to 15 U.S.C. § 1071. See Solomon Amended Opposition at 1, 3. E&S was not a participant in that proceeding, and Solomon does not allege otherwise. See also Affidavit of Howard S. Hogan, Exhibit 13 (printout of the docket sheet for TTAB opposition proceeding, with participants listed) (ECF Document 4-14), filed in support of USC's Memorandum of Law In Support of Motion To Dismiss Plaintiff's Complaint.

5

relationship between E&S and USC that might explain E&S's alleged status as an intended beneficiary of USC's actions. Accordingly, this suggestion that E&S is an "obvious beneficiary" simply makes no sense. As such, the new assertion in the Amended Opposition does not assist E&S in understanding the charges leveled against it, or, therefore, help Solomon meet his pleading burden.

In the end, E&S is left only with a vague allegation that it conspired to perform some unspecified act that is "unlawful" in ways not explained. This is highly prejudicial to E&S, and inadequate under Rule 8. Solomon concedes the point by his silence on the issue, and the Complaint should be dismissed.

> **B. Solomon's Amended Opposition Reveals That This Proceeding Is Intended To Harass the Defendants, And Accordingly The Complaint Should Be Dismissed With Prejudice**

The Court should not only dismiss Solomon's Complaint, but do so with prejudice. Solomon's Complaint and his Amended Opposition, taken together, contain highly implausible, patently frivolous assertions that reflect an intention to misuse this proceeding to harass the Defendants. The Court should not tolerate this.

Solomon has a well-deserved reputation as a serial filer in the federal courts. As noted by both E&S and USC in their motions to dismiss herein, Solomon has repeatedly raised nonsensical, implausible, and frivolous arguments in other actions, and indeed on this basis has been enjoined from filing further pleadings with the District Court for the District of Massachusetts.[5] The courts will not tolerate specious, delusional and frivolous arguments, even by a pro se litigant, and will dismiss them with prejudice in response to a motion under Rule 12(b)(6). Urban v. United Nations, 248 U.S. App. D.C. 64, 768 F.2d

---

[5] See Affidavit of Howard S. Hogan, Exhibit 3 (Memorandum and Order on Defendants' Motion To Dismiss) (ECF Document 4-4).

1497; 1985 U.S. App. LEXIS 20783 (1985) (pro se plaintiff's reliance on residency in "the Milkyway Galaxy" as a jurisdictional basis deemed frivolous; plaintiff's "growing track record of frivolous suits" led to dismissal of action with prejudice under Fed. R. Civ. P. 12(b)(6)). Delusional or highly implausible allegations are treated by the courts as a species of "frivolous" claims, and these may be dismissed without leave to amend because allowing amendment would be "futile." Richards, 480 F. Supp. 2d at 234; Best v. Kelly, 309 U.S. App. D.C. 51, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (fantastic and delusional allegations treated as "frivolous," and dismissed with prejudice).

The fact that Solomon is proceeding pro se does not insulate his Complaint from dismissal with prejudice. The Fifth Circuit dismissed a pro se plaintiff's complaint as "frivolous" in Farguson v. MBank Houston, N.A., 808 F.2d 358; 6 Fed. R. Serv.3d (Callaghan) 825 (1986) with the comment:

> That [plaintiff's] filings are pro se offers [plaintiff] no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.

Id. at 359.

While Solomon's Complaint is merely incomprehensible, his Amended Opposition is utterly frivolous and appears to be solely intended to harass the Defendants and "clog the judicial machinery." By example, Solomon's Amended Opposition asserts the following:

> Defendant counsel, Howard S. Hogan, Defendant Scott Edelman and other associates of Gibson, Dunn & Crutcher, hope to draw this Court into the complex web of which the late Attorney General and Harvard Professor Elliot Richardson called the "Inslaw Affair" and is better known by those who have played squash at Harvard's Harkness Hall as the "Atlantis

7

> Cartel", after the offshore sailing equipment company, ATLANTIS (now Atlantis Weatherger, Inc.), a supplier to the America's Cup Racing Yachts since 1974…This corrupt political and profiteering organization, formed by a young Nixon/Ford administration attorney Michael A. McManus, Jr. and a young Ford aide, Richard Cheney, included the freeze-out of the Plaintiff and other Stockholders in Atlantis, as well as a list of now convicted felons including international drug dealer Sidney Marvin Lewis, Vermont rocket scientist Gerald Bull, Sun Cruz players including attorney Jack Abramoff and 'Whitey Bulgher', and the cast of military and defense characters with headquarters next to USC in Marina del Ray.

Solomon Amended Opposition at 3 (citation omitted).

Solomon does not explain what, if anything, these comments have to do with the allegations in the Complaint, or how they meet the substance of Defendants' motions to dismiss. Manifestly, Solomon's comments are both nonsensical and immaterial to this case. Further, Solomon appended four Exhibits to his Amended Opposition that bear not the slightest relationship to the allegations in the Complaint or to Defendants' motions to dismiss. This approach to preparing and submitting an "opposition brief" reflects an intention to harass the Defendants, rather than a sincere effort to oppose and overcome the Defendants' motions and to work within the rules applicable to this proceeding.

The immaterial Exhibits to Solomon's Amended Opposition may be summarized as follows:

> Exhibit 2 – Letter from Department of the Navy[6]
>
> This is a letter dated May 22, 1989 from the Navy notifying Mr. Solomon that his proposal to develop a 3-dimensional airspace display may be of some use to the military. This letter is not cited in the Amended Opposition, and there is no suggestion anywhere from Solomon that this Exhibit has anything to do with the allegations in the Complaint, or with Defendants' motions to dismiss. It is immaterial to this case.

---

[6]   Exhibit 2 is the first exhibit. There is no Exhibit 1.

Exhibit – Boston Globe Article – February 8, 1987

This Exhibit, which is not numbered, is the second page of a newspaper article discussing certain members of the Vermont judiciary, an alleged affair between two of the judges, improper influence among the judges, and judicial misconduct. The article is not cited in the Amended Opposition, but is simply attached to it. None of the judges or events mentioned appears to have any connection to Solomon's Complaint or to Defendants' motions to dismiss. This Exhibit is immaterial to this case.

Exhibit 3 – New York Times Op-Ed Article by Elliot L. Richardson

The author, Elliot Richardson, discusses the Inslaw affair, which involves a computer program that was allegedly taken from a company, Inslaw, Inc., and misused by government agencies. The article discusses a purported Justice Department vendetta against Inslaw, Inc. and various schemes to misappropriate Inslaw's computer software. It further discusses alleged attempts by the government to steal other software for use in foreign intelligence, and the possibility of a reporter being murdered as a result of his investigation into the alleged theft of these computer programs.

While Solomon mentions "the Inslaw affair" in his Amended Opposition (at 3), he does not cite this article or explain what if anything this has to do with the Complaint or Defendants' motions to dismiss.

Exhibit 4 – LA Times Article – March 21, 1993

This newspaper article discusses a Mr. Robert Booth Nichols, who apparently was a high-tech machine gun dealer. He was arrested and later lost his firearms license, which he claimed injured his business interests. According to the article, Mr. Nichols was involved in the "Inslaw Affair" and the possible murder of a journalist in that case. There is no suggestion in the Solomon Amended Opposition that this story is

>material to this case, or has anything to do with the Complaint or either motion to dismiss.

By attaching these immaterial Exhibits to his Amended Opposition, Solomon forced Defendants' counsel to review and evaluate them. At the end of that review, it was immediately apparent that the Exhibits are immaterial, and the Amended Opposition an exercise in harassment. Plaintiff Solomon knows that Defendants pay fees to compensate their counsel, and his Amended Opposition appears to be intended to cause unnecessary expense to the Defendants. It is not, and could not be, a sincere attempt to oppose the motions to dismiss.

Defendant E&S suggests on this basis that this action is frivolous and intended solely to harass the Defendants. Accordingly, this action should be dismissed with prejudice. E&S reserves its rights to move for monetary sanctions against Solomon under Fed. R. Civ. P. 11.

### C. Request For Oral Hearing In Court

Pursuant to Local Rule 108(f), E&S requests an oral hearing before the Court to argue its motion to dismiss. In that connection, E&S hereby states its opposition to Solomon's request for a telephonic hearing. Solomon's Amended Opposition contains nonsensical, frivolous arguments and attaches a set of detailed but ultimately immaterial Exhibits. This could only have been intended by Solomon to harass the Defendants and misuse the court system. Counsel for Defendants had no choice but to expend time to evaluate these frivolous arguments and pointless Exhibits, and prepare replies to Solomon's Amended Opposition, and Solomon therefore needlessly caused the Defendants to incur significant legal fees.

E&S recognizes that in the proper case it is appropriate to assist a pro se Plaintiff in conserving his resources. However, that consideration is outweighed in this case by the need for the Court to evaluate Mr. Solomon's intentions in court, in person. Since it is apparent that Mr. Solomon intentionally wasted Defendants' resources with his frivolous Opposition papers, it is appropriate for the Court to require Mr. Solomon to appear in person and explain his conduct in this matter.

Counsel for E&S also requests that any hearing on these motions, whether conducted in court or by telephone, not be scheduled for the period from March 13, 2008 through March 23, 2008, as undersigned counsel for E&S will be out of the country due to a prior commitment.

WHEREFORE, Defendant Evans & Sutherland Computer Corporation respectfully requests this Court to dismiss Plaintiff's Complaint as to E&S with prejudice.

Respectfully submitted,

Date: March 5, 2008

   /s/  Brian W. Craver_____
Brian W. Craver
PERSON & CRAVER LLP
1801 K Street, N.W.
Washington, D.C.  20006
(202) 466-4434 (Tel.)

Attorneys for Defendant Evans
& Sutherland Computer Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2008, I filed a copy of the foregoing Defendant Evans & Sutherland Computer Corporation's Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("E&S Reply") electronically with the Court in accordance with the CM/ECF requirements and procedures, and that counsel of record for the other parties to this case, as listed below, were served in that fashion.

>   Howard S. Hogan, Esq.
>   GIBSON, DUNN & CRUTCHER LLP
>   1050 Connecticut Avenue, N.W.
>   Washington, D.C.  20036
>   (202) 955-8500
>   (202) 467-0539 (fax)
>
>   Attorneys for University of
>   Southern California

I further certify that a hard copy of the E&S Reply was sent via first class mail, postage pre-paid, to Plaintiff, Dennis J. Solomon at the following address:

>   Dennis J. Solomon
>   P.O. Box 289
>   Yarmouth Port, MA  02675
>   (508) 394-9221


>   __/s/  Brian W. Craver_____
>   Brian W. Craver