IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS J. SOLOMON,<br><br>*Plaintiff*,<br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA *et al.*,<br><br>*Defendants*. | No. 1:07-cv-01811-EGS |

## USC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Howard S. Hogan
(D.C. Bar No. 492002)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile:  (202) 467-0539

*Attorneys for University of Southern California*

Defendant University of Southern California ("USC") respectfully submits this memorandum of law in response to three of Plaintiff Dennis J. Solomon's recent filings: (1) Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss dated February 21, 2008, filed with the Court on February 25, 2008, and served on USC by means of the Court's electronic filing system on February 27, 2008 (Docket No. 9); (2) Plaintiff's Amended Motion for an Extension of Time and Opposition to Motion to Dismiss dated February 21, 2008, not filed with the Court or served on USC by Mr. Solomon; and (3) Plaintiff's Amended Memorandum in Opposition to Defendants' Motion to Dismiss dated February 28, 2008, which was filed on March 3, 2008 and served on USC by means of the Court's electronic filing system on March 4, 2008 (Docket No. 10) in violation of the Court's February 22, 2008 Minute Order setting Mr. Solomon's deadline at February 29, 2008.  For the sake of convenience, this memorandum of law will treat Mr. Solomon's March 3 filing as if it had been served by electronic means on March 4, 2008 and refer to it as his "Opposition Brief" or "Opp'n Br."  We note, however, that the certificate of service for each of these documents is incorrect:  Mr. Solomon has not served any of these documents on USC.

Mr. Solomon's Opposition Brief clearly demonstrates that the Complaint in this action was filed improperly and fails as a matter of law.  This action does nothing more than recycle claims that repeatedly have been dismissed as frivolous, and caused at least one federal judge to ban Plaintiff from filing any more actions related to this specific subject matter.  *See* Declaration of Howard S. Hogan, dated January 28, 2008 ("Hogan Decl."), Ex. 3.  More specifically, Mr. Solomon's latest arguments fail for the following reasons:

*First*, Mr. Solomon is incorrect as a matter of law that he was entitled to file this suit in violation of Judge Stearns' January 10, 2007 Memorandum and Order on Motion to Dismiss in

1

*Solomon v. Texas Instruments, Inc.* (D. Mass. Civ. No. 06-CV-11307-RGS) (Hogan Decl. Ex. 3). In that case, Mr. Solomon asserted claims against USC arising from the fact that USC had successfully opposed Mr. Solomon's attempt to register the word "HoloDeck" as a trademark through a proceeding before the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB").  The following allegations are illustrative:

- "Defendant University of Southern California . . . knowingly and willfully conspired with the other Defendants to oppose the grant of the trademark HoloDeck for an unlawful purpose."  Hogan Decl Ex. 4, ¶ 28;

- "On August 23, 1993, Solomon filed a U.S. Trademark application for the stylized word 'HoloDeck' for 3D display systems.  On May 30, 2000, the application was published for opposition and shortly thereafter the Defendant USC filed an opposition on the grounds the term was generic."  *Id.* ¶ 94;

- "The aforementioned Defendants used the process of opposition as an unlawful scheme to obtain Solomon's trade secrets."  *Id.* ¶ 100.

Judge Stearns, however, found Mr. Solomon's claims to be barred as *res judicata* and explicitly ordered that Mr. Solomon "is hereby ENJOINED from filing any further complaints regarding the same or related subject matter without prior leave of court."  Hogan Decl. Ex. 3 (emphasis in original).

Mr. Solomon's Opposition Brief makes clear that the claims asserted in the current complaint are indisputably "related" to the *Texas Instruments* complaint.  The Opposition Brief describes this action as nothing more than a "response" to the TTAB's "decision" in the same trademark opposition proceeding that was the subject of the claims asserted against USC in the *Texas Instruments* action.  *See* Opp'n Br. at 1.  Moreover, Mr. Solomon explicitly admits that his "claims of conspiracy and interference" are "*related* to the [same] trademark issues."  *Id.* at 2 (emphasis added).  Because these issues are inseparable from -- let alone "related" to -- the issues raised in Mr. Solomon's previous action, Judge Stearns' order clearly required Mr. Solomon to seek leave of court before filing this action.  Importantly, though, Mr. Solomon's

2

Opposition Brief does not even dispute that he *never* sought or received such permission. *See* USC's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint (Docket No. 5) ("USC Moving Br.") at 8-9.  As a result, Mr. Solomon's citations to the rights of ordinary litigants and trademark applicants are inapposite, and Mr. Solomon's Complaint should be dismissed as the appropriate sanction for his violation of the January 10, 2007 order. *Id.*

*Second*, Mr. Solomon's Opposition Brief mischaracterizes the Complaint he has filed in this action, recasting it as merely seeking a "review" of the TTAB's opposition proceeding "under 15 USC § 1071(b)." Opp'n Br. at 3.  This argument is difficult to reconcile with the plain text of the Complaint in this action, which names a number of defendants who were not parties to the TTAB proceeding, and claims damages in excess of $3 million on a number of theories. Hogan Decl. Ex. 1 (Complaint in the current case, as served on USC).  Even accepting this argument at face value, though, 15 U.S.C. § 1071(b) only authorizes this Court to award Mr. Solomon a judgment that he is "entitled to a registration upon the application involved . . . or such other matter as the issues in the proceeding require." 15 U.S.C. § 1071(b)(1).  Courts have strictly construed this as an affirmative limitation on subject matter jurisdiction, to the precise "claims or legal theories . . . presented to the TTAB"; other related claims are excluded. *See Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc.*, 511 F. Supp. 2d 1, 6 (D.D.C. 2007) ("the district court . . . may not entertain claims or legal theories not presented to the TTAB"). Accordingly, even giving Mr. Solomon the benefit of the doubt, 15 U.S.C. § 1071(b) does not allow Mr. Solomon to bootstrap his other "claims of conspiracy and interference related to the trademark issues," Opp'n Br. at 2, past Judge Stearns' clear order.

*Third*, even if the Court is prepared to address the substance of Mr. Solomon's appeal of his trademark application, his Opposition Brief still does not provide any reply to USC's

3

argument that his trademark application was denied in accordance with well-settled law.  *See* USC Moving Br. at 10-13.  Mr. Solomon does not dispute that he failed to abide by the TTAB deadlines, or that black-letter law absolutely authorized the TTAB to deny his application under those circumstances.  *Compare id.* at 11-12 *with* Opp'n Br. at 1-2 (admitting that the TTAB "opposed" Mr. Solomon's refusal to produce documents, that no interlocutory appeal was granted, and that the "TTAB granted the opposition as a discovery sanction").  Similarly, Mr. Solomon does not provide any basis to dispute that USC had a "real interest" in the outcome of the opposition.  *See* USC Moving Br. at 12-13.  Mr. Solomon, therefore, has failed to meet even his minimal burden to survive USC's motion to dismiss.

*Fourth*, Mr. Solomon has, in fact, not provided *any* substantive reply to *any* of the arguments raised by USC that his claims should be dismissed on the merits.  As such, his opposition to these arguments should be deemed abandoned and USC's motion should be granted.  *See, e.g.*, *Valles-Hall v. Center For Nonprofit Advancement*, 481 F. Supp. 2d 118, 140 (D.D.C. 2007) (plaintiff's failure to address four of six claims in opposition to summary judgment led court to dismiss them as abandoned); *Perkins v. Kelly*, No. Civ. A. 94-489, 1995 WL 155247, at *2 (D.D.C. Jan. 12, 1995) (granting motion to dismiss, in part, by treating arguments ignored in plaintiff's opposition brief as conceded).

Finally, we note that USC only learned via counsel for Evans & Sutherland that Mr. Solomon has also served an amended motion to extend, asking that any hearing in this matter be conducted as "an electronic or telephonic hearing."  Given Mr. Solomon's continued difficulty with complying with basic procedural rules, we have no option but to oppose Mr. Solomon's request.  Mr. Solomon's attempts to revive claims that have been rejected on multiple occasions continue to cause undeserved expense, and USC respectfully submits that, if Mr. Solomon wants

4

to continue these efforts, and if the Court determines that an oral hearing in this matter is appropriate, Mr. Solomon should be required to explain his position to the Court in person.

## CONCLUSION

For the foregoing reasons, USC respectfully requests that this Court dismiss Mr. Solomon's Complaint with prejudice and remind Mr. Solomon that he was ordered not to file any more lawsuits regarding the same or related subject matter.  USC has now incurred substantial costs and fees in responding to this improper action, and if Mr. Solomon continues to multiply these proceedings, USC respectfully reserves its rights to seek appropriate sanctions.

Dated:  March 8, 2008

Respectfully submitted,

       /s/ Howard S. Hogan       
Howard S. Hogan
(D.C. Bar No. 492002)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for University of Southern California*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2008, I caused copies of the foregoing to be transmitted via U.S. Mail and overnight delivery to opposing party:

Dennis J. Solomon, *pro se*
P.O. Box 289
Yarmouth Port, MA 02675
Telephone: (508) 394-9221

                                                /s/ Howard S. Hogan
                                                  Howard Hogan