UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DENNIS J. SOLOMON,
Plaintiff,

v.                                              No.1:07-CV-01811 EGS

USC, et al
Defendants.

### PLAINTIFF'S SHORT SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

In light of the Reply Memorandum Defendants E&S and USC claiming an inability to understand the claims against them, the Plaintiff requests this opportunity to further specify and clarify his allegations and grievances.

**A. A Clear and Concise Claim**

Evans & Sutherland is a 1968 University of Utah spin-off and was a leader in military simulation until founder Ivan Sutherland resigned in the late 1970s. Since the late 1980s, when the Plaintiff's technology was chosen for further development by the U.S. Department of Defense, E&S has been a direct competitor. In 1996, three years after the Plaintiff's trademark application and within a few weeks after a lost communication between the Plaintiff and the Trademark Office, E&S filed an application for the trademark Holodeck for the same class and products related to 3D simulation displays. The Trademark Office found the communication and the E&S application remained subordinate. Subsequently, E & S failed to develop state-of-the-art technology, but was successful in raising substantial funds during the NASDAQ bubble in the later 1990s. However, after failing to secure the trademark, which Defendants E & S and USC believe is worth tens of millions of dollars, falling further behind in the invention of novel technologies and losing $15 million dollars in 2006, E&S was forced to sell its simulation business to Rockwell Collins, and purchased Spitz, Inc. whose technology directly competes with one of the Plaintiffs. Today, E & S continues to lose money, but hopes to succeed in the 3D digital theater market with an immersive, scanning technology.

1

The principal causes of action against Defendant E&S lies in its participation in a conspiracy and scheme with USC to maliciously and by unlawful means obtain the HoloDeck trademark; and the Plaintiff's trade secrets including design, engineering and inventive technologies as well as customer lists, both commercial and governmental. In furtherance of this conspiracy, E&S entered into an agreement with USC that it would grant USC certain trademark rights to the term Holodeck if USC was successful in opposing the Plaintiff's grant. USC agreed to use E&S displays.

At a minimum, these acts, taken together, constitute an unlawful conspiracy employing interstate mail and wire communication to tortiously interfere with existing and perspective business relations and interstate commerce; and engaged unfair competition for the purpose of destroying the Plaintiff's business rather than competing by the introduction of a superior product. In addition, there is increasing evidence that the Defendants engaged in various related unlawful schemes to obtain to the Plaintiff's trade secrets laws in conjunction with a member of the Salt Lake Olympic Committee Michael A. McManus, Jr., the perpetrator of the Atlantis Weathergear shareholder freeze-out.

For these reasons, the Defendants Motion to Dismiss under 12(b)(6) should be denied at this time.

## B. The Present Complaint Alleges Specific Unlawful Acts By Defendant E&S Related to the Trademark HoloDeck And Not Allegations Related to Raytheon/Teledyne/TI or Atlantis Litigation.

In an attempt to avoid a first adjudication on the merits, the Defendants have introduced previous litigation regarding two significant disputes involving the Plaintiff. The first, Atlantis Weathergear, relates to the freeze-out of the minority shareholders including the Plaintiff, the company's founder, in the America's Cup supplier, Atlantis Weathergear, Inc. In this litigation, the Plaintiff was represented by the Yale Law School educated, former Vermont Attorney General and prevailed at the trial court. The freeze-out was engineered by White House attorney Michael A. McManus, Jr., and has resulted in a series of complex, post trial litigation resulting in part in the indictment of three Vermont Supreme Court justices, and the conviction of Atlantis associates for participation in the arms-for-drugs in Central America and Afghanistan. The second, Raytheon/Teledyne/TI involved unlawful contracting practices and defective parts manufactured by Teledyne for the Plaintiff under a USAF contract to build an advance targeting system. The USAF fined Teledyne and Raytheon. White House aide McManus, a member of the Salt Lake Olympic Committee, directly ties all the parties together.

Nonetheless, the Plaintiff believes this litigation should be limited to the trademark Holodeck issues, tortuous interference and the closely-related unlawful acts by the Defendants. The prior issues should be <u>excluded</u> from this litigation.

The allegations against E&S of tortious interference and unfair competition are directly supported by the timing of the trademark filing, and their subsequent behavior; it is intended to seek of redress of grievances including damages.

### C. Telephonic Hearing for the 12(b)(6) Motions to Dismiss Prior to the Answers

The rapid advances of communication technology may be usefully employed to reduce the cost and time of litigation. This is a perfect example. Normally only counsel would appear for a 12(b))6) motion. Under the present circumstances, it would be a hardship for the Plaintiff pro se, who lives in Massachusetts, to have to appear in person for routine motion arguments. Telephonic participation would permit the Defendants to exercise their right to request a hearing, without unnecessary financial or time burdens placed upon the other litigants.

### D. Service

Between the Plaintiff's frequent and required travel, and the implementation of a new fax mobile service, there has apparently been a problem with certain fax transmissions to the Defendants. The plaintiff attests that service by fax was made to both parties, with an electronic acknowledgment of page number transmission. Nonetheless, to prevent this problem in the future, the Plaintiff, following the instructions of ECF Clerk, has requested and filed the form for formal standing and filing in the ECF system. The Plaintiff concurs with any reasonable extensions of time to respond requested by the Defendants.

Respectfully re-submitted on March 17, 2008.

*[signature]*

Dennis J. Solomon
PO Box 289
Yarnouth Port, MA 02675

Certificate of Service on March 17, 2008

Counsel for USC has been served on this day by Fax to 202-467-0539 and US Mail.
Counsel for E & S has been served on this day by Fax to 202-466-4416 and US Mail

3