```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
DENNIS J. SOLOMON,            )
                              )
        Plaintiff,            )
                              )
v.                            )    Civil Case No. 07-1811 (EGS)
                              )
UNIVERSITY OF SOUTHERN        )
CALIFORNIA, et. al.,          )
                              )
        Defendants.           )
_____)

**MEMORANDUM OPINION**

*Pro se* Plaintiff Dennis Solomon brings this complaint alleging various causes of action relating to his trademark application for the term "HoloDeck" against ten organizations and individuals.[1] Pending before the Court are Defendant University of Southern California's ("USC") and Defendant Evans & Sutherland's ("E&S") motions to dismiss. Upon consideration of the motions, responses, and replies thereto, and applicable law, the Court GRANTS both motions to dismiss.

**I. Background**

Plaintiff alleges that since 1989 he has been developing a 3D imaging technology, which he termed "HoloDeck." Compl. ¶¶ 1, 13-16. Solomon alleges that in 1993 he applied for a class 9 trademark to the term "HoloDeck" for virtual reality rooms, and

---

[1] Plaintiff names the following as defendants in the complaint: University of Southern California; Evans & Sutherland; Scott Edelman, allegedly an attorney with Gibson, Dunn & Crutcher; Michael Macedonia, allegedly a contracting officer for the United States Army; the United States Trademark Office; the Trademark Trial and Appeal Board ("TTAB"); "Mr. Quinn," "Mr. Hairston," and "Mr Holtzman," allegedly trademark judges on the TTAB; and "Mr. Dudas," allegedly a Director of the U.S. Patent Trademark Office. Compl. ¶¶ 3-10.

that on December 13, 1996, E&S, a Utah corporation that develops visual display systems, also filed a class 9 application to trademark "HOLODECK." Compl. ¶¶ 4, 16-18. Solomon asserts that on May 30, 2000 the Trademark Office granted his trademark application. Compl. ¶ 19.

According to Solomon, on or about 1999, USC, a nonprofit educational institution, received a grant from the United States Army to build a "holographic, virtual reality space," also called "holodeck." Compl. ¶¶ 2, 24. The Trademark Trial and Appeal Board ("TTAB") granted USC leave to belatedly oppose Solomon's trademark application on the grounds that the term "HoloDeck" was generic. Ultimately, the TTAB entered a default judgment against Solomon, and denied his trademark application. Compl. ¶¶ 20, 30; USC Mot. to Dismiss at 3.

In the present complaint, Solomon brings the following claims against the defendants: (1) Count I alleges a violation of civil rights and due process by the TTAB; (2) Count II challenges USC's standing to oppose the trademark application before the TTAB; (3) Count III alleges USC and other defendants (including E&S) attempted to monopolize some aspect of the technology at issue and interfere with interstate commerce; (4) Count IV alleges USC "defrauded the U.S. Government by submitting proposals based on unlawful [sic] obtained designs of Solomon"; and (5) Count V alleges USC and a U.S. Army officer conspired to

interfere with business relations and engaged in unfair competition by opposing Solomon's trademark application.[2] Compl. ¶¶ 15, 32-43.

Solomon requests the Court grant him the following relief: (1) vacate the TTAB default judgment; (2) find USC without standing to oppose the trademark application; (3) allow the grant of the HoloDeck trademark to Solomon to stand; and (4) award damages.  Compl. at 6.

USC filed a motion to dismiss the complaint, arguing that the doctrine of *res judicata* bars the complaint.[3]  E&S also moved to dismiss, arguing that the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Standard of Review

### A.  Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the plaintiff fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Under Rule 8(a), a claim need only be a "short and plain statement of the claim" that will give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting

---

[2] Prior to this lawsuit, Solomon filed at least two other complaints against USC related to its opposition to Solomon's trademark application for the term "HoloDeck."  USC Mot. to Dismiss at 5-8.

[3] USC also bases its motion to dismiss on other grounds, but upon finding that the plaintiff's complaint is barred by the doctrine of *res judicata*, the Court foregoes a detailed analysis of the additional arguments.

*Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)).  *See also Aktieselskabet AF 21 Nov. 2001 v. Fame Jeans*, 525 F.3d 8, 15 (D.C. Cir. 2008); Fed. R. Civ. P. 8(a).  "The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable."  *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977).

A court "must accept as true all of the factual allegations contained in the complaint."  *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).  All "reasonable inferences alleged" are construed in plaintiff's favor.  *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007).  In considering a motion to dismiss, a court may consider "matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *See Baker v. Henderson,* 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (citations omitted).

**B.   *Pro se* Litigants**

The pleadings of *pro se* parties "[are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 127 S. Ct. at 2200 (internal quotation marks and citations omitted).  Nonetheless, "[a]lthough

4

a court will read a *pro se* plaintiff's complaint liberally, a *pro se* complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 665 F.2d 1305, 1308 (D.C. Cir. 1981)).

**III. Discussion**

   **A.   USC's Motion to Dismiss based on *Res Judicata***

USC argues that the present complaint is barred by *res judicata* on account of two complaints filed by Solomon against USC alleging similar facts in which a final decision on the merits was rendered by the United States District Court for the District of Massachusetts.  USC Mot. to Dismiss, Exs. 4, 8.

After a cause of action is decided on the merits, *res judicata* bars subsequent suits on the same cause of action between those parties.  *Lopez v. Huff*, 508 F. Supp. 2d 71, 76 (D.D.C. 2007) (citing *U.S. Indus., Inc. v. Blake Const. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985)).  To determine whether a claim is precluded by *res judicata*, the Court considers four elements: (1) whether there is a common identity of parties in both suits; (2) whether a judgment was rendered by a court of competent jurisdiction; (3) whether that court rendered a final judgment on the merits; and (4) whether there is an identity of the cause of action in both suits.  *Paley v. Estate of Ogus*, 20 F. Supp. 2d 83, 87 (D.D.C. 1998) (citing *Brannock Assoc., Inc. v. Capitol 801*

5

*Corp.*, 807 F. Supp. 127, 134 (D.D.C. 1992)).  The purpose of *res judicata* is to protect defendants from duplicative suits, conserve judicial resources, and prevent conflicting decisions. *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

The complaint filed by Solomon in 2004 alleged a variety of claims against forty-five named and ten unnamed defendants.  USC Mot. to Dismiss, Ex. 8, ¶ 3 ("2004 Complaint").  Amongst other allegations of conspiracy and corruption undertaken by the many defendants, Solomon alleged in the 2004 Complaint that USC conspired with other defendants to oppose the HoloDeck trademark application, as well as committed fraud and violated the Racketeer Influenced and Corrupt Organizations ("RICO") statute. USC Mot. to Dismiss, Ex. 8, ¶¶ 12, 178-95.  On March 28, 2005, that complaint was dismissed for failure to prosecute by the United States District Court for the District of Massachusetts. *See Solomon v. Tex. Instruments, Inc.*, 2007 U.S. Dist. LEXIS 1946, No. 06-11307, at *4 (D. Mass. Jan. 10, 2007).

In 2006, Solomon filed another complaint alleging similar facts, including an allegation that the defendants "individually, jointly, and as part of an ongoing enterprise and conspiracy, engaged in unlawful acts and schemes . . . by intentional [sic] committing unlawful acts to restrain interstate commerce. . . ." USC Mot. to Dismiss, Ex. 4 at 1 ("2006 Complaint").  Solomon repeated this allegation in the 2006 Complaint by stating USC

6

"willfully conspired . . . to oppose the grant of the trademark HoloDeck for an unlawful purpose." USC Mot. to Dismiss, Ex. 4, ¶¶ 28, 93-104. *See also* USC Mot. to Dismiss, Ex. 8, ¶¶ 124-35. The 2006 Complaint was dismissed by court order on January 10, 2007 "with prejudice as to all defendants," partly because the dismissal of the 2004 Complaint operated as *res judicata,* barring claims raised in the 2006 Complaint. *Solomon*, 2007 U.S. Dist. LEXIS 1946 at *4 (dismissing prior claims already adjudicated by the 2004 decision, as well as eleven paragraphs of new claims that could have been brought in the 2004 claim by timely amendment).

USC asserts that *res judicata* from the 2004 and 2006 Complaints also applies to the complaint before this court. With respect to the first element, there is a common identity of parties between the complaints because both Solomon's 2004 and 2006 Complaints, as well as the current Complaint, name USC as a defendant. With respect to the second element, the judgments in the 2004 and 2006 cases were rendered by the U.S. District Court for the District of Massachusetts, which is a court of competent jurisdiction. With respect to the third element, the court's dismissal of the 2004 Complaint for failure to prosecute was a final judgment on the merits. *See* Fed. R. Civ. P. 41(b). *See also*, *Walker v. Seldman*, 471 F. Supp. 2d 106, 113-14 (D.D.C. 2007).

The fourth element in a *res judicata* analysis is whether there is an identity of the cause of action in both suits. There is an identity of cause of action where the claims share a "common nucleus of facts." *Apotex, Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004). The key factors to determine this are "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations of business understanding or usage." *Id.*

USC argues that Solomon alleged similar factual circumstances with respect to USC in the 2004 and 2006 Complaints as the current complaint. USC Mot. to Dismiss at 6-7. Solomon contends that, "though the principle actors … may be related" to the earlier claims, the current claim differs because it is a trademark claim which could not be brought until the TTAB issued its final decision on the HoloDeck trademark application on August 9, 2007. Pl.'s Opp'n at 1-2. Solomon's contention that he could not bring this "trademark claim" until the TTAB issued its final decision is irrelevant to the issue of whether Solomon had previously brought related claims against USC and whether a decision on the merits had been rendered on those claims.

There are a number of similarities between the allegations in the current complaint and the previous complaints. In the 2004 and 2006 complaints, as well as in the current complaint,

8

Solomon challenged USC's opposition to his trademark application before the TTAB, and alleged that USC's opposition was in some way conspiratorial or unlawful.  Compl. ¶¶ 20, 35-36, 38, 43; USC Mot. to Dismiss, Ex. 4, ¶ 28; USC Mot. to Dismiss, Ex. 8, ¶ 12.  Solomon also alleged in all three complaints that USC was involved in a conspiracy to obtain trade secrets, and interfere with business relations.  Compl. ¶¶ 15, 35-39, 42-43; USC Mot. to Dismiss, Ex. 4, ¶¶ 93-104; USC Mot. to Dismiss, Ex. 8, ¶¶ 124-35.  As such, the previous complaints and the present complaint share an identity of the causes of action.

Though a *pro se* plaintiff's complaint must be construed liberally, that principle is limited by the right of a defendant to be free from continually defending itself against the same allegations after final judgment on the merits.  *See Montana*, 440 U.S. at 153-54.  USC has previously defended itself twice against very similar factual allegations.  The Court finds that the present claims against USC are barred by the doctrine of *res judicata*.

**B.   E&S's Motion to Dismiss based on 12(b)(6)**

E&S argues that this complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the complaint is so unintelligible that a valid claim has not been stated.  E&S Mot. to Dismiss at 4.

Solomon alleges in his complaint that "[o]n December 13, 1996, Evans and Sutherland filed an application for the trademark 'HOLODECK' in class 9 for virtual reality rooms." Compl. ¶ 18. Count III, which is the only count that references E&S, is titled "Attempt to Monopolize, Interference with Interstate Commerce." Compl. at 5. It alleges that E&S, Scott Edelman (USC attorney for the TTAB opposition), and Michael Macedonia (United States Army contracting officer) "engaged in an unlawful conspiracy to personal [sic] enrichment [sic] themselves through a series of unlawful schemes to obtain the trademark holodeck." Compl. ¶¶ 35, 39. Solomon asserts that Macedonia required USC to oppose the trademark application before the TTAB in order to receive government funding, that Edelman participated to generate fees for his firm, and that E&S planned to license the trademark "HoloDeck" to Macedonia "in return for continued government funding." Compl. ¶¶ 36-39.

E&S asserts that due to the vagueness of Solomon's complaint, it is unable to determine what "unlawful conspiracy" or "unlawful schemes" it allegedly engaged in. E&S Mot. to Dismiss at 4. E&S requests that the complaint be dismissed with prejudice, asserting that the notice pleading requirements of Federal Rule of Civil Procedure 8(a) are not met because the allegations "do not describe or constitute claims for which relief can be granted." See *Shirk v. Garrow*, 505 F. Supp. 2d

169, 172 (D.D.C. 2007) (dismissing speculative and conclusory third-party indemnity complaint without prejudice, due to lack of fair notice to the third-party defendant of the asserted claims); *Ciralsky v. CIA*, 355 F.3d 661, 664 (D.C. Cir. 2004) (finding the trial court did not abuse its discretion by dismissing an excessively long discrimination complaint without prejudice on the ground that the complaint did not contain a short and plain statement of the claim).

In response to E&S's Motion, Solomon contends that the complaint "properly alleges that Defendant 'Evans & Sutherland,' the obvious beneficiary of the amended opposition, conspired with USC to benefit financially," and alludes to a "due process" violation that occurred because there was no "discovery or trial" regarding the trademark application.  Pl.'s Suppl. Opp'n. at 3-4.

Solomon's complaint fails to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a).  Solomon does not bring his claims under any statute; nor does he clearly articulate facts to support any common law claim.  Count III of Solomon's complaint, which is the only count that references E&S, is titled "Attempt to Monopolize, Interference with Interstate Commerce." Compl. at 5.  However, the following paragraphs do not allege facts in support of a cognizable legal theory.  Count III alleges that E&S "engaged in an unlawful conspiracy to personal enrichment [sic] themselves through a series of unlawful schemes

11

to obtain the trademark HoloDeck," and that E&S "agreed to license the trademark HoloDeck to [Army officer] Macedonia in return for continued government funding."  Compl. ¶¶ 35-39. Solomon's complaint fails to give E&S adequate notice of his claims against them, and that failure undermines E&S's ability to prepare an adequate defense.  *See Brown v. Califano,* 75 F.R.D. at 498.

Solomon's complaint does not satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a), and therefore fails to state a claim against E&S upon which relief can be granted.  *See* Fed. R. Civ. P. 8(a).  *See also* Fed. R. Civ. P. 12(b)(6).

    **C.**    **Failure to Prosecute**

Plaintiff filed this complaint on October 5, 2007.  The Federal Rules of Civil Procedure require that service of the summons and complaint be made upon a defendant within one hundred and twenty days after the filing of the complaint, and that proof of service be made to the court by affidavit.  Fed. R. Civ. P. 4(l)-(m).  If a defendant is not served within that time frame, the Court may dismiss the action as to the unserved defendants or direct that service be accomplished within a specified time.  *Id.* Because the record fails to confirm service on any defendant meeting the requirements prescribed by Rules 4(l) and 4(m), plaintiff Dennis Solomon is ordered to show cause by no later

than July 25, 2008 why this complaint should not be dismissed as to the remaining defendants for want of prosecution, pursuant to Federal Rule of Civil Procedure 41(b).  *See* Fed. R. Civ. P. 4(l)-(m), 41(b).

**IV.  Conclusion**[4]

For the reasons stated, Defendant USC's Motion to Dismiss is **GRANTED** on the basis of *res judicata*, and the claims against USC are dismissed with prejudice.  Defendant E&S's Motion to Dismiss is **GRANTED** on the basis of failure to state a claim, and the claims against E&S are dismissed.  Plaintiff is ordered to show cause by no later than July 25, 2008 why this complaint should not be dismissed as to the remaining defendants for want of prosecution.  An appropriate order accompanies this memorandum opinion.

**Signed: Emmet G. Sullivan**
         **United States District Judge**
         **July 15, 2008**

---

[4] Both USC and E&S assert that Solomon's complaint is an abuse of the court system and request his complaint be dismissed with prejudice as a Federal Rule of Civil Procedure 11 sanction.  USC Mot. to Dismiss at 23; E&S Mot. to Dismiss at 6.  USC also requests that the Court enter an injunction against further filing by the plaintiff.  USC Mot. to Dismiss at 23-24.  The United States Court of Appeals for the District of Columbia Circuit has held that the use of injunctive sanction "against *pro se* plaintiffs should be approached with particular caution."  *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).  The Court declines to impose Rule 11 sanctions in the absence of more particularized evidence of abuse.