**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DENNIS J. SOLOMON,

*Plaintiff*,
v.

UNIVERSITY OF SOUTHERN CALIFORNIA *et al*.,

*Defendants*.

No. 1:07-cv-01811-EGS

**USC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND EXTENSION OF TIME TO FILE SUPPORTING MEMORANDUM**

Howard S. Hogan
(D.C. Bar No. 492002)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for University of Southern California*

Defendant University of Southern California ("USC") respectfully submits this memorandum of law in response to Plaintiff's Motion for Reconsideration and Extension of Time to File Supporting Memorandum ("Motion for Reconsideration") dated July 25, 2008, filed with the Court on July 28, 2008, and served on USC by United States mail.

## I. Plaintiff's Motion for Reconsideration Is Improper.

Mr. Solomon's motion for reconsideration does not provide any basis to set aside the Court's July 15, 2008 Order in this matter, whether it is reviewed under Rule 59(e) of the Federal Rules of Civil Procedure (for motions "filed within [ten] days of entry of the challenged order") or Rule 60(b) (for motions filed "thereafter"). *See, e.g., Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005). Such motions are "disfavored" and are appropriate "only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Specifically, a motion for reconsideration "should be granted only if the Court finds that there is an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice," and ***not*** "if a party is simply attempting to renew factual or legal arguments that it asserted in its original briefs." *Pearson v. Thompson*, 141 F. Supp. 2d 105, 107 (D.D.C. 2001) (citations and internal quotation marks omitted).

Here, Mr. Solomon's Motion for Reconsideration does not even hint that he will be able to establish any of the required criteria. Mr. Solomon has not alleged any change in controlling law, nor does he argue that any additional material evidence has been uncovered. Even reading the Motion for Reconsideration generously, Mr. Solomon argues at most that:

1. The Court's July 15 Order was inappropriate because "a civil action seeking review of a final decision of the TTAB in U.S. District Court Section under 15 U.S.C. § 1071(b)(1) ***could not*** have been brought before a court of competent jurisdiction prior

to the 'final decision' of the TTAB on August 9, 2007," Motion for Reconsideration at 1 (emphasis in original);

2. The doctrine of *res judicata* should not have been applied here because the previous two dismissals of Mr. Solomon's claims were "'premature' and summarily dismissed without ***a trial*** on the merits," *id.* at 2 (emphasis added), and

3. Mr. Solomon's other causes of action seeking affirmative damages claims "are properly joined in this action" to his purported TTAB appeal. *Id.*

Mr. Solomon, however, already made each of these arguments, both in his Memorandum in Opposition to Defendant's Motion to Dismiss, filed with this Court on February 25, 2008 (Docket No. 9), and in his Amended Memorandum in Opposition to Defendant's Motion to Dismiss, filed with this Court on March 3, 2008 (Docket No. 10):

1. As he does now, Mr. Solomon specifically argued in his February 25 opposition brief that defendants' motions to dismiss should be denied because "a review from the final decision of the TTAB" under 15 U.S.C. § 1071 "has never been a cause of action in any proceeding in any Court." Feb. 25 Opp'n Brief at page labeled 2. In fact, in his March 3 amended filing, Mr. Solomon used the same language that he uses in his current brief, contending that "[t]he review of final decision of the TTAB ***could not have been*** presented to any court of competent jurisdiction prior to August 9, 2007." Mar. 3 Opp'n Br. at 2 (emphasis in original); *see also id.* at 3 (citing with specificity to 15 U.S.C. § 1071(b)).

2. Mr. Solomon also argued in his March 3 filing, as he does today, that *res judicata* should not apply because "[t]here has never been discovery or ***a trial*** of any of any of the issues raised." *Id.* at 3 (emphasis added).

3. Finally, in his February 25 brief, Mr. Solomon argued that his affirmative causes of action should be joined to his purported TTAB appeal because the claims "aris[e] from the same nexus with the same parties." Feb. 25 Opp'n Brief at page labeled 2. Likewise, Mr. Solomon argued in his March 3 amended filing that these claims were properly joined either because they were "actionable for the first time" or "mandatory" even if "mentioned previously." Mar. 3 Opp'n Br. at 3.

USC has already addressed each of these arguments. *See* USC's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint, dated January 28, 2008 (Docket No. 5) ("USC's Moving Brief") at 5-8, 11-12, 13-14; USC's Reply Memorandum of Law in Further

Support of Motion to Dismiss Plaintiff's Complaint, dated March 8, 2008 (Docket No. 12) ("USC's Reply Brief") at 3-4.

Accordingly, Mr. Solomon's motion is nothing more than "a rehash of the arguments presented to and previously rejected by this Court." *New York v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995). USC therefore respectfully requests that Mr. Solomon's Motion for Reconsideration be summarily denied. *See, e.g., Harvey v. District of Columbia*, 949 F. Supp. 878, 880 (D.D.C. 1996) ("denial of the plaintiff's motion [for reconsideration] is appropriate" where "plaintiff does not argue that the law . . . has changed . . . nor does she argue that additional material evidence has come to light," but only "attempted to reargue facts upon which the Court has already ruled"); *see also Messina v. Krakower*, 439 F.3d 755, 759 (D.C. Cir. 2006) (affirming denial of reconsideration under comparable circumstances).

Even if the Court were inclined to reconsider Mr. Solomon's motion, moreover, his claims should still be dismissed because this action was filed in direct violation of an explicit court order. *See* Declaration of Howard S. Hogan, dated January 28, 2008 (Docket No. 3), Ex. 3. (order enjoining Mr. Solomon from filing any further complaints relating to this subject matter without prior leave of court); *see also* USC's Moving Brief at 8-9; USC's Reply Brief at 1-2.[1]

---

[1] Further, although the Court did not need to reach the merits of this matter in its July 15, 2008 Memorandum Opinion and Order, Mr. Solomon still cannot overcome the other substantive defenses raised at pages 9 through 22 of USC's Moving Brief, because, even at this late date, he still has yet to even attempt a substantive reply to any of USC's arguments on the merits. *See* Motion for Reconsideration, *passim*. As a result, Mr. Solomon has abandoned any opportunity to raise merits-based arguments in support of his complaint. *See* USC's Reply Brief at 4 (citing cases).

**II. Plaintiff Has Not Shown Cause Why His Complaint Should Not be Dismissed as to the Remaining Defendants for Want of Prosecution.**

Mr. Solomon also has not properly responded to the provisions of this Court's July 15, 2008 Order requiring that he "show cause by no later than July 25, 2008 why this complaint should not be dismissed as to the remaining defendants for want of prosecution, pursuant to Federal Rule of Civil Procedure 41(b)." Mr. Solomon's only response to this clear requirement is the conclusory assertion that "the Plaintiff has mailed a copy of the complaint together with notice of waiver addressed to Michael Macadonia care of the U.S. Secretary of the Army, and Scott Edelman." Motion for Reconsideration at 2.[2] This unsworn assertion is not sufficient.

In the first instance, Mr. Solomon does not even bother to state when he allegedly mailed the complaint to the other defendants. As a matter of black-letter law, Mr. Solomon cannot cure his earlier deficiencies by placing the complaint in the mail in response to the Court's order. *See Medley v. Donaldson*, No. Civ. A. 03-1482 (GK), 2004 WL 716771, at *2-3 (D.D.C. March 24, 2004) (dismissing complaint where service had not been effected until the 121st day following filing of the complaint).

In fact, as set forth in the Declaration of Scott Edelman, dated August 7, 2008, filed along with this memorandum, Mr. Edelman still has not received the waiver of service that Mr. Solomon claims to have mailed, nor been served with process by any other means.

And even if Mr. Solomon did mail the waiver of service to Mr. Macedonia and Mr. Edelman within the prescribed 120-day period, Mr. Solomon still has not offered any evidence that any of the remaining defendants "timely return[ed] a waiver" under Rule 4(d)(3) of the

---

[2] With respect to the other named defendants, Mr. Solomon argues that, despite naming them as parties to this action, USC is the "proper defendant." Motion for Reconsideration at 2.

Federal Rules of Civil Procedure, that he filed or attempted to file the waiver under Rule 4(d)(4), or that he completed service under Rule 4(c) by serving a summons along "with a copy of the Complaint" following a refusal of waiver under Federal Rule 4(d)(2).

Finally, Mr. Solomon "does not even attempt to explain why [he] did not serve Defendant within 120 days of filing the complaint." *Medley*, 2004 WL 716771, at *2-3. Indeed, Mr. Solomon does not offer ***any*** reason why he could not have completed service on the remaining defendants at any point before July 25, 2008. As a result, the appropriate remedy is to dismiss the complaint in full. *Id.*

Accordingly, Mr. Solomon cannot satisfy the terms of the July 15 Order, and this action should be dismissed as to the remaining defendants for want of prosecution.

## CONCLUSION

For the foregoing reasons, USC respectfully requests that this Court: (1) deny Mr. Solomon's motion for reconsideration and (2) enter an order dismissing Mr. Solomon's complaint as to the remaining defendants for want of prosecution, pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 83.23.

Dated: August 7, 2008

Respectfully submitted,

/s/ Howard S. Hogan

Howard S. Hogan
(D.C. Bar No. 492002)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for University of Southern California*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2008, I caused copies of the foregoing to be transmitted via first class U.S. Mail and express U.S. mail to opposing party:

Dennis J. Solomon, *pro se*
P.O. Box 289
Yarmouth Port, MA 02675
Telephone: (508) 394-9221

/s/ Howard S. Hogan
Howard Hogan