UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

DENNIS J. SOLOMON,
Plaintiff,

v.                                                    No.1:07-CV-01811 EGS

USC, et al
Defendants.

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

The present case arose subsequent to the proper grant of the "HoloDeck' trademark by the U.S. Trademark Office to the Plaintiff, Dennis J. Solomon. The Defendants, Evans & Sutherland ("E&S") and Michael Macedonia, hoping to unlawfully obtain control of the trademark for their own private business, prevailed upon Defendants University of Southern California ("USC") to oppose the grant in consideration for U.S Department of the Army funding in the amount of over $100,000,000 - which would be used to establish a 'secondary meaning' and subsequent application mark.

During the opposition discovery phase, a dispute arose over the status of Defendant USC 'captive' attorney, regarding the proprietary of access to protected 'confidential or classified' information related to the Plaintiff's support from the U.S Intelligence community. Plaintiff moved for disclosure to a truly independent law firm or 'in camera' and Defendants asked for sanctions in the form of summary opposition. The TTAB refused to receive the information 'in camera' and supported the summary opposition which was entered on August 9, 2007.

There was no trial on the merits.

# RECEIVED

AUG 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

The Plaintiff subsequently filed the present case in a timely matter after the final decision under Section 21(b) of the Act, 15 U.S.C. § 1071(b) which reads:

> *(b) Civil action; persons entitled to; jurisdiction of court; status of Commissioner; procedure*
>
> *(1) Whenever a person authorized by subsection (a) of this section to appeal to the United States Court of Appeals for the Federal Circuit is dissatisfied with the decision of the Commissioner or Trademark Trial and Appeal Board, said person may, unless appeal has been taken to said United States Court of Appeals for the Federal Circuit, have remedy by a civil action...*
>
> *(4) If there be adverse parties residing in a plurality of districts not embraced within the same State, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction.*

As the Defendants point out in Page 1, line 14 of their opposition 'the need to correct a clear error or prevent manifest injustice' are among the grounds for reconsideration. This Court was clearly in error in dismissing the present action regarding 15 U.S.C. § 1071(b), where paragraph (2) applies:

> *"The Director [of the TTAB] shall not be made a party to an inter partes proceeding under this subsection, but he shall be notified of the filing of the complaint by the clerk of the court in which it is filed and shall have the right to intervene in the action."*

The Defendants have failed to show any relevant precedent action where the normal judicial review of a final action of the TTAB was preemptively ruled 'res judicata'.

### Regarding Defendants Michael Macedonia and Scott Edelman

It is the Plaintiff's understanding that USC counsel Hogan has not entered an appearance on their behalf. In light of the Plaintiff's averment that both were served, the Plaintiff requests any further any should reserved until the present issue regarding USC is resolved, and the Plaintiff has the opportunity to obtain the service address from USC counsel for Mr. Macedonia and perfect service or submit other motions as appropriate.

**Summary**

Counsel for the Defendants is asking this honorable Court is engage in behavior which would clearly "display itself as a badge of corruption"; ignore the well-established Law regarding trademark disputes and review; and would itself, create a manifest injustice. Our Country has been greatly damaged by the Defendants' actions over the past decade, much to the disappointment of the Pentagon and other government agencies. This fact is increasingly recognized by the DOD sponsors of USC who, in recent years, have turned elsewhere for the state-of-the-art technology. It is another unfortunate example of President Eisenhower's *Nightmare* – enriching the gluttonous members of the 'club' at the expense of our troops in Iraq and Afghanistan, who are deprived the best training, tools and weapons our scientists can envision. Today, the Defendants hope to endanger this Court with their avarice.

The Plaintiff respectfully requests that this Court reconsider its decision.

Respectfully submitted on August 15, 2008.

Dennis J. Solomon
PO Box 289
Yarmouth Port, MA 02675

Certificate of Service on August 15, 2008

Counsel for USC has been served on this day by US Mail.

Counsel for E & S has been served on this day by US Mail