UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DENNIS J. SOLOMON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 07-1811 (EGS) |
| UNIVERSITY OF SOUTHERN CALIFORNIA, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

*Pro se* plaintiff Dennis J. Solomon filed a claim against the University of Southern California ("USC"), Evans & Sutherland ("E&S"), and numerous other defendants, alleging various causes of actions relating to his trademark application for the term "HoloDeck."[1] In an opinion granting defendants' motions to dismiss, this Court rejected plaintiff's claims. This Court **DENIES** plaintiff's Motion for Reconsideration under Federal Rule

---

[1] Plaintiff names the following as defendants in the Complaint: University of Southern California; Evans & Sutherland; Scott Edelman, allegedly an attorney with Gibson, Dunn & Crutcher; Michael Macedonia, allegedly a contracting officer for the United States Army; the United States Trademark Office; the Trademark Trial and Appeal Board ("TTAB"); "Mr. Quinn," "Mr. Hairston," and "Mr Holtzman," allegedly trademark judges on the TTAB; and "Mr. Dudas," allegedly a Director of the U.S. Patent Trademark Office. Compl. ¶¶ 3-10.

1

of Civil Procedure 59(e).  The Complaint is **DISMISSED WITH PREJUDICE** as to the remaining defendants for want of prosecution.

## BACKGROUND

Plaintiff alleges that since 1989 he has been developing a 3D imaging technology, which he termed "HoloDeck."  Compl. ¶¶ 1, 13-16.  He asserts that in 1999 USC received a grant from the U.S. Army to build a "holographic, virtual reality space," also called "holodeck" after the U.S. Trademark Office granted his trademark application in 2000.  ¶¶ 2, 24.  The Trademark Trial and Appeal Board ("TTAB") then granted USC leave to belatedly oppose Solomon's trademark application on the grounds that the term "HoloDeck" was generic.  Ultimately, the TTAB entered a default judgment against Solomon, and denied his trademark application.

Solomon filed his Complaint alleging that defendants: (1) violated his civil rights and due process; (2) did not have standing to oppose the trademark application before the TTAB; (3) attempted to monopolize some aspect of the technology at issue and interfere with interstate commerce; (4) "defrauded the U.S. Government by submitting proposals based on unlawful [sic] obtained designs of Solomon"; and (5) conspired to interfere with business relations and engaged in unfair competition by opposing Solomon's trademark application.  Compl. ¶¶ 15, 32-43.

Solomon asked the Court to: (1) vacate the TTAB default judgment; (2) find USC without standing to oppose the trademark application; (3) allow the grant of the HoloDeck trademark to Solomon to stand; and (4) award damages. Compl. at 6. USC filed a Motion to Dismiss the Complaint, arguing that the doctrine of *res judicata* bars the suit. E&S also moved to dismiss, arguing that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). This Court granted defendant USC's Motion to Dismiss, with prejudice, on the basis of *res judicata*. This Court also granted E&S's Motion to Dismiss. Plaintiff was ordered to show cause by no later than July 25, 2008 why this complaint should not be dismissed as to the remaining defendants for want of prosecution. Plaintiff filed a Motion for Reconsideration on July 28, 2008 and a Renewed Motion for Reconsideration on September 29, 2008.

**DISCUSSION**

Plaintiff argues that this Court's holding in *Solomon v. University of Southern California*, 2008 WL 2751335 (D.D.C. July 15, 2008), was erroneous. Solomon challenges this Court's holding that his claims are barred by *res judicata*, and he also argues that gave E&S sufficient notice. Defendants note that Solomon has proffered no new arguments.

3

Federal Rule of Civil Procedure 59(e) allows a party to file a Motion for Reconsideration, but these motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). "A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted).

Plaintiff has not met this standard in his motion. He identifies no change of controlling law or new evidence. Neither does he demonstrate the need to correct a clear error, nor has he established extraordinary circumstances. Plaintiff's arguments were presented before this Court in *Solomon* and soundly rejected. *See Jung v. Ass'n of Am. Med. Coll.*, 226 F.R.D. 7, 9 (D.D.C. 2005) ("Rule 59(e) motions 'may not be used to relitigate old matters. . . .'" (citing *Niedermeier*, 153 F. Supp. 2d at 28)). This Court did not commit clear error.

Solomon has continued to file complaints against USC making the same claims. Courts have continually dismissed them under the doctrine of *res judicata*. Solomon's Complaint against E&S

4

failed to satisfy the notice requirement of Federal Rule of Civil Procedure 8(a).  This Court need not waste valuable time and resources by reiterating the same reasoning this Court relied upon when it granted defendants' Motions to Dismiss.  For the reasons this Court clearly articulated in *Solomon*, this Court **DENIES** plaintiff's Rule 59(e) motion.  *See* 2008 WL 2751335, at *2-*5.

In *Solomon*, the Court ordered plaintiff to show cause by no later than July 25, 2008 why the complaint against the remaining defendants should not be dismissed for want of prosecution.  Plaintiff did not file a responsive pleading to the order.  Pursuant to Federal Rule of Civil Procedure 41(b), the complaint as to the remaining defendants is **DISMISSED WITH PREJUDICE.**

## CONCLUSION

Plaintiff's Motion to Reconsideration is **DENIED**.  The Complaint is **DISMISSED WITH PREJUDICE** as to the remaining defendants for want of prosecution.  An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**


**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            February 20, 2009**